It is not sufficient to show that injustice has been done, but that it has been done under such circumstances as will warrant the interference of a court of equity. For if a matter has already been investigated in a court of justice, according to the common and ordinary rules of investigation, a court of equity cannot take on itself to enter on it again. These rules are established for the purpose of fully examining every matter of dispute, and putting an end to litigation, and are presumed to be competent for that purpose. And it is more important that an end should be put to litigation than that justice should be done in every case. The truth is that through the inattention of parties, and other causes, exact justice can be very seldom done; and in saying this, I am warranted by the high authority of Sir John Mitford.
Let, us, then, see what are the circumstances of this case. The bill charges that the defendant, with divers persons, entered into a combination to win money from the complainant; that he lost a considerable sum with defendant, for which he gave his bond, and that suit was brought upon the same, and judgment recovered. Now, the bill does not complain of any fraud practised, or that the complainant was in any manner hindered from making full defense at law. And if full defense was made, and the matter was fully tried, that is a good reason why equity should not interfere; for in courts of coordinate jurisdiction there is no reason to suppose one will act more correctly than another — and at that rate there would be no end to controversy. But if the complainant had an ample opportunity at law to defend himself, and would not then embrace it, there is less reason, inasmuch as he is now making that the ground of a new suit, which it was once in his power to have used an effectually as it can avail him in this Court, and which if employed, and true, would finally have settled the matter in (548) dispute. To such a complainant equity will turn a deaf ear.
It has been said, however, that the bill charges a combination, and that the jurisdiction of a court of equity is concurrent in those cases. But still the question recurs, As it was cognizable at law also, why was not defense made there, or accounted for in some manner? It is true that in cases where courts of law cannot take effectual cognizance, as in cases of complicated accounts, where the party did not make defense because on account of the impossibility of doing it effectually — many of the *Page 398 
items resting in the personal knowledge of the adverse party, or the balance depending upon the production of books and accounts, which a court of law could not order; or in cases where a party has improperly obtained an advantage at law, as by a verdict through fraud, and which it is unconscientious to avail himself of, equity will step in and lend her aid. But such cases must be made by the bill, and not stated in argument.
Now, in this case, for aught that appears by the bill, everything was ormight have been discussed in the trial at law with the same advantage and to the same extent that it can here, and the result have been the same.
A bill for a new trial is watched in equity with a zealous eye. A court of equity must not only see that injustice has been done, but that there is no other complete remedy which the party can have; and that he has not been reduced to that situation by his own neglect.
This bill does not pretend to make the difficulty of proof a ground for coming into this court; but charges that it is against conscience that the defendant should have the benefit of a judgment founded on a gaming consideration. This Court has already decided, in Hodges v. Pitman, ante, 276, that money lost fairly cannot be recovered back; and if the law would not raise a promise to refund it, the rule, to be consistent must say that equity will not step forward to prevent its payment, or, which is the same, to restrain a legal obligation to enforce it.
In whatever view, therefore, I consider the case, I think the (549) injunction should be dissolved. This case, however, steers clear of the inquiry whether equity will relieve against the payment of money on a gaming consideration; as the application is too late, when there was once a fair opportunity of full defense.
NOTE. — See Taylor v. Wood, 3 N.C. 332, and the cases referred to in the note.
Cited: Peace v. Nailing, 16 N.C. 291. *Page 399